MEMORANDUM OF DECISION
This case presents petition for the termination of the parental rights of Toni S. and Ronald S. who are the biological parents of the minor child Diana, who was born on September 22, 1988. The minor child Diana is presently 8 years and 11 months of age. Initially her mother signed a voluntary placement agreement for the child to be placed in foster care on November 12, 1993. The child has subsequently been committed to DCF and that CT Page 9860 commitment has been extended many times. Diana has lived for the past nearly four years with the same foster parents who assumed her care on November 12, 1993. They are strongly committed to her and wish to adopt her if the parents rights are terminated. The child, by all accounts, has achieved normal developmental milestones, is relatively happy, well-adjusted, bonded and views her foster parents as her natural parents. She has had some behavioral problems around emotional issues and is presently in therapy at the Child Guidance Clinic. "The need for a permanent home is a strong unmet need for this child and she continues to request the permanency of foster parent adoption."(Exhibit # 7)
The male biological parent of Diana S. does not object to the termination of his parental rights and joins in the request to allow the child to be adopted. The child herself vigorously wishes to be adopted. A Consent to Terminate Parental Rights was filed by Ronald S. on March 25, 1997. His consent was found to be voluntarily and knowingly made with the advise and assistance of competent legal counsel and with a full understanding of the consequences of his consent (Brenneman, J.)
The court finds that the mother has appeared during the pendency of the case but not on the date set for the termination trial. She has a court appointed attorney. The father has been served, had counsel appointed. The court has jurisdiction in this matter; there is no pending action affecting custody of the child in any other court and reasonable efforts have been made to reunify this family.
The court having read the verified petitions, the social studies, the various documents entered into evidence and heard the testimony of the case worker, makes the following findings by clear and convincing evidence.
The court finds the following relevant facts. The child was born on September 22, 1988. The parents were married but lived with each other in a completely dysfunctional setting which included physical and verbal abuse. Mother reported father had a drinking problem. Mother had substance abuse problems and an anonymous referral stated that Toni was selling her food stamps to buy crack and leaving her children unattended. These various problems brought Diana S. within the protective scrutiny of the Department of Children and Families (DCF).
Diana's female biological parent, Toni, came from very sad CT Page 9861 and tragic circumstances. She was one of eighteen children. Her mother died when she was ten years old. She was reportedly sexually abused by her father and uncles. Her father is an alcoholic. Toni became pregnant at age 17 with a biracial child. This child was removed and her parental rights to this child have been terminated. Toni has been on state assistance the majority of her life and has been involved in numerous abusive relationships with men through the years.
The social studies (Exhibits 1, 6 and 7) narrate in great detail the history of personal failures of Toni to rehabilitate herself. They narrate and itemize (Exhibit 3) the course of visits between Diana and her mother: more frequent but irregular at first tapering off to virtually none in more than a year. Other reports detail her psychological problems and the service which were offered to her individually and as a parent, to no avail.
ADJUDICATION
With respect to the statutory grounds for termination of parental rights the court finds by clear and convincing evidence that this child was previously found to be have been neglected on March 17, 1994. The father has consented to the termination of his parental rights and this consent has been accepted by the court. The court further finds the mother has failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable time considering the age and needs of the child that she could assume a responsible position in the life of this child. General Statutes § 17a-112
(c)(3)(B). The court finds that this ground has existed for more than one year.
With respect to the mandatory factual findings required by General Statutes § 17a-112 (e), they do not apply to the consenting father.
1) The timeliness, nature and extend of services offered. The court finds that parental, psychological and psychiatric services were offered, visitation was offered and foster care was provided by DCF. (See Exhibit #4).
2) Whether DCF has made reasonable efforts to reunite the family pursuant to the Adoption Assistance and Child Welfare Act of 1980. The parents had more than enough time to demonstrate CT Page 9862 their desire and concern for reunification and to achieve rehabilitation. The mother of the child was offered services she did not choose to accept. Only occasionally and tepidly, did she enter counseling.
3) The terms of applicable orders entered into and agreed to by any individual or agency and the extent of fulfillment of those obligations, etc. The court finds that the mother did not fulfill or comply with the expectations, described more fully in the social study.
4) The feelings and emotional ties of the child with respect to the parents and foster parents, etc. The court finds that the child is bonded to her present foster family, considers herself part of the family and that no presently existing emotional bonds will be broken by termination of the parent's rights.
5) As to the age of the child. The child is nearly nine years of age. Our Supreme Court has long recognized the deleterious effect of prolonged temporary care of abused and neglected children. In re Juvenile Appeal (84-CD), 189 Conn. 276 (1983). The Appellate Court has also correctly noted, "[b]ecause of the psychological effects of prolonged termination proceedings on young children, time is of the essence. . ." In re Alexander V.,25 Conn. App. 741, 748, 596 A.2d 930 (1992); see generally, JOSEPH GOLDSTEIN, ET AL., BEYOND THE BEST INTERESTS OF THE CHILD 99 (1979).
6) The efforts the parents have made to adjust their circumstances or conditions. The court finds that the mother has been unsuccessful in making any meaningful attempt to adjust her circumstances, conduct or condition to facilitate reunification. The father has consented to the termination of his rights.
7) The court finds that there has been nothing to prevent the parents from maintaining a meaningful relationship with the child. There was no unreasonable conduct noted by DCF. The child's reaction to the visitation robustly indicated that continued visitation was not appropriate.
DISPOSITION
Based upon the foregoing findings, the court determines that it is in the Diana's best interest for a termination of parental CT Page 9863 rights to enter with respect to the mother Toni S. and the male biological parent Ronald S. and, accordingly, a termination of their parental rights is ordered. It is further ordered that the Commissioner of DCF is appointed statutory parent for these child for the purpose of securing an adoptive family. If the foster parents are willing to adopt, it is the court's direction that they receive first consideration. The commissioner shall file with this court no later than 90 days following the date of judgment a written report of efforts to effect such permanent placement and file further reports as are required by State and federal law.
Francis J. Foley, Presiding Judge Child Protection Session